| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-1171 JGB (KKx)** | Date | August 8, 2018 |
| Title | *Capitol Specialty Insurance Corporation v. 3 Wire Group, Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 9); (2) REMANDING the Action to the Superior Court of California, County of Riverside; and (3) VACATING the August 13, 2018 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Capitol Specialty Insurance Corporation as subrogee of Isha Investments, Inc.'s ("Plaintiff") unopposed motion to remand the action to the Superior Court of California, County of Riverside. ("Motion," Dkt. No. 9.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of the Motion, the Court GRANTS the Motion and REMANDS the action to the Superior Court of California, County of Riverside. The August 13, 2018 hearing is VACATED.

## I.    BACKGROUND

On April 6, 2018, Plaintiff filed a complaint in the Superior Court of California, County of Riverside, against 3 Wire Group, Inc. ("3 Wire"), Frymaster, LLC, and Does 1 through 60 (collectively, "Defendants"). ("Complaint," Dkt. No. 1-1.) Plaintiff served the summons and Complaint on Defendants Frymaster and 3 Wire on May 1, 2018 (Motion, Exhs. A, B.) On May 16, 2018, Defendant 3 Wire filed an answer to the Complaint in state court. (Id., Exh. C.) Subsequently, on May 31, 2018, Defendant Frymaster filed its notice of removal pursuant to 28 U.S.C. § 1441(a) and removed the action based on diversity jurisidciton. ("Notice of Removal," Id., Exh. D.) On June 29, 2018, Plaintiff filed this Motion. On July 23, 2018, Defendant Frymaster filed a notice of non-opposition. (Dkt. No. 10.)

## II.     LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

The district court should first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied.  See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).  When the complaint does not specify the amount of damages, "the court may examine facts in the complaint and evidence submitted by the parties." Id.  The defendant bears the burden of establishing the amount in controversy at removal.  Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013).  The applicable standard is preponderance of the evidence.  Id.  Therefore, the defendant must offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

## III.     DISCUSSION

Plaintiff maintains that Defendant Frymaster's notice of removal did not include a statement of consent to the removal from Defendant 3 Wire.  (Mot. at 4.)  Defendant Frymaster removed the action pursuant to 28 U.S.C. § 1441(a).  (Notice of Removal ¶ 14.)   The question before the Court is whether all defendants properly consented to the removal (i.e., whether the removal was proper).

Section 1446(b) provides: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b); see also Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011) (citing Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)). There is, however, a limited exception.  "A narrow exception to the unanimity rule is recognized where removal consent is not obtained from 'nominal, unknown[,] or fraudulently joined parties.'" Hafiz v. Greenpoint Mrtg. Funding, Inc., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009) (quoting United Comput. Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002)).

Here, Defendant 3 Wire was served on May 1, 2018 (Mot., Exh. B) and filed an answer to the complaint in state court on May 16, 2018 (Id., Exh. C). Defendant Frymaster filed its Notice of Removal on May 31, 2018. (Notice of Removal.) Thus, at the time Defendant Frymaster filed its Notice of Removal, Defendant 3 Wire had been served and its consent was required. Defendant Frymaster's Notice of Removal makes no mention of 3 Wire's consent and Defendant Frymaster has not opposed this Motion. "The removing party has the burden to 'explain affirmatively the absence of any co-defendants in the notice for removal.'" AGCS Marine Ins. Co. v. Pilot Air Freight Corp., No. CV 11-10190 DDP RZX, 2012 WL 367222, at *1 (C.D. Cal. Feb. 3, 2012) (quoting Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir.1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir.2006)). Here, Defendant Frymaster has not met its burden.

Thus, the Court GRANTS Plaintiff's Motion and REMANDS the case to the Superior Court of California, Riverside County. See Hafiz, 652 F. Supp. 2d at 1052 ("If the district court discovers that all defendants have not joined or consented to removal, it must remand the case.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion and REMANDS the case to the Superior Court of California, Riverside County. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**